**Electronically Filed
Intermediate Court of Appeals
CAAP-25-0000367
10-AUG-2026
07:50 AM
Dkt. 83 SO**

NO. CAAP-25-0000367

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

HYE JA CHOI, Plaintiff-Appellant, v.
CENTRAL PACIFIC BANK, Defendant-Appellee

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DRC-24-7476)

### SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Hiraoka and McCullen, JJ.)

Hye Ja **Choi**, representing herself, appeals from the *Judgment* for Central Pacific Bank (**CPB**) entered by the District Court of the First Circuit, Honolulu Division.[1]  We affirm.

Choi sued CPB, alleging "embezzlement of the plaintiff's savings (at least $1,061.90) and closure of accounts, habitual illegal acts (approximately 6 years) and harassment."  The complaint prayed for a judgment of $40,000.

CPB moved for summary judgment.  The district court entered orders granting the motion and awarding CPB attorney fees and costs.  The Judgment was entered on March 21, 2025.

Choi appeals.  Her amended opening brief does not comply with Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b).  Because she doesn't have an attorney, we address what we discern to be her arguments.  Erum v. Llego, 147 Hawaiʻi 368, 380-81, 465 P.3d 815, 827-28 (2020).

---

[1]     The Honorable Bryant Zane presided.

We review a grant of summary judgment *de novo*. <u>Ralston v. Yim</u>, 129 Hawaiʻi 46, 55, 292 P.3d 1276, 1285 (2013). Summary judgment is appropriate if the evidence shows there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. <u>Id.</u>

CPB's motion for summary judgment was supported by the declaration of Sara **Coes**, CPB's senior vice president and senior legal counsel, and several exhibits. The evidence showed that Choi had a CPB checking account with a balance of $1,061.90 as of November 16, 2022.

CPB's *Deposit Account Agreement & Disclosure* provides:

> You agree that we may terminate your account relationship with us at any time without prior notice, with or without cause, by giving verbal, electronic, or written notice to you or by giving notice to other authorized signers. We may also terminate your account without prior notice if you or any authorized signers breach any agreement with us or we have reason to suspect fraudulent activity on your account. If account funds are not withdrawn at the time of termination, we may send a check for the account balance to any of you at the last address we have on file for the account.

By letter dated November 2, 2022, CPB informed Choi "that due to your conduct at our Main Branch, we will no longer allow you to maintain any deposit accounts (checking, savings, etc.) with us." Choi was asked to close her accounts by December 2, 2022, otherwise CPB would close them on her behalf and send the funds to her.

By letter dated November 21, 2022, Choi complained to CPB about the service she had received, and threatened to "make you pay the price for that illegal act." She warned that she would consider CPB closing her account to be "personal harassment and retribution to me[.]"

CPB closed Choi's account on December 9, 2022, and issued her a check for $1,061.90.

By letter dated December 21, 2022, Choi returned the check, rejected the account closure, and threatened to sue CPB.

By letter dated December 28, 2022, CPB sent Choi a copy of her Deposit Account Agreement & Disclosure, explained that it allowed CPB to terminate their account relationship by giving her notice, and returned her $1,061.90 check to her.

Choi responded by letter dated March 31, 2023. She stated she never agreed to terminate her account, and returned the check.

Choi sued CPB on September 10, 2024. At the return on summons, the district court ordered the parties to mediate. By letter dated November 6, 2024, CPB's counsel asked Choi to agree to a mediation date by November 15, 2024, and returned her $1,061.90 check to her.[2]

Choi responded by letter dated November 18, 2024. It stated: "Unless you deposit the money in my original account, you have unilaterally withdrawn my money and embezzled it. Or you have stolen it." She complained that the "branch manager on the first floor always treated me like an idiot because I was a foreigner and couldn't speak English, and harassed and threatened me. I absolutely cannot forgive you for closing my account in retaliation for asserting my legal rights, let alone reflecting on it." She sent the check to CPB's counsel.

CPB sustained its burden to show it closed Choi's checking account under the terms of its Deposit Account Agreement & Disclosure and tendered Choi's funds to her.[3] The burden then shifted to Choi to "demonstrate specific facts, as opposed to general allegations, that present a genuine issue worthy of trial." Ralston, 129 Hawaiʻi at 56-57, 292 P.3d at 1286-87.

Choi did not submit an affidavit or declaration in opposition to CPB's motion for summary judgment. She submitted several unauthenticated documents that appeared to concern disputed charges, fees, and interest for a credit card *0799, another credit card *2865, and a joint checking account with Michael K. Yoshida, none of which were mentioned in her complaint.

Choi's opposition memorandum appeared to argue she was making a tort claim for "unauthorized withdrawal of money from

---

[2] Choi agrees she "went to arbitration [sic] on 11/27/2024, but no agreement was reached."

[3] CPB also argued that Choi's claim was barred by the statute of limitations. We need not address that issue.

the plaintiff's account, discrimination, harassment, unauthorized account closure, etc."  She argued CPB "violated the law by closing [her] account without permission on 12/9/2022 on the grounds of demanding [her] legal rights."  She cited no legal authority supporting her arguments other than Hawaii Revised Statutes (**HRS**) § 708-830, which criminalizes theft.  There is no private right of action under HRS § 708-830.  See <u>Kealoha v. Machado</u>, 131 Hawaiʻi 62, 82, 315 P.3d 213, 233 (2013) (stating that "no private right of action exists under HRS § 708-874 [(Misapplication of entrusted property)], and therefore Plaintiffs cannot state a claim under the statute").

Choi failed to sustain her burden as the party opposing summary judgment.  The uncontroverted evidence showed that CPB closed Choi's checking account in accordance with the terms of the Deposit Account Agreement & Disclosure and tendered Choi's funds to her.  Choi did not show that CPB owed her any other legal duty.  The district court did not err by granting CPB's motion for summary judgment.

Choi's amended opening brief makes arguments about the award of CPB's attorney fees and costs she did not make to the district court.  Those arguments are waived.  <u>Hawaii Ventures, LLC v. Otaka, Inc.</u>, 114 Hawaiʻi 438, 500, 164 P.3d 696, 758 (2007); HRS § 641-2(b) (2016) ("The appellate court . . . need not consider a point that was not presented in the trial court in an appropriate manner.").

The district court's March 21, 2025 Judgment is affirmed.  Choi's July 25, 2026 *Motion to Retain Oral Argument* is denied.

DATED: Honolulu, Hawaiʻi, August 10, 2026.

On the briefs:

Hye Ja Choi,
Self-represented
Plaintiff-Appellant.

Andrew Y.C. Lee,
for Defendant-Appellee
Central Pacific Bank.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge